**MARLIN & SALTZMAN**
Stanley D. Saltzman, Esq. (SBN 90058)
Louis M. Marlin, Esq. (SBN 54053)
Marcus J. Bradley, Esq. (SBN 174156)
Christina A. Humphrey, Esq. (SBN 226326)
Kiley L. Grombacher, Esq. (SBN 245960)
29229 Canwood Street, Suite 208
Agoura Hills, California   91301
Telephone:  (818) 991-8080
Facsimile:   (818) 991-8081
ssaltzman@marlinsaltzman.com
louis.marlin@marlinsaltzman.com
mbradley@marlinsaltzman.com
chumphrey@marlinsaltzman.com
kgrombacher@marlinsaltzman.com

*(Additional Counsel on next page)*

Attorneys for Plaintiff and Proposed Class

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY HERRICK and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. a South Dakota corporation; and DOES 1 to 100, 10 inclusive,<br><br>        Defendants. | Case No.: **CV 11- 01646** GAF(Ex)<br><br>**CLASS ACTION (FRCP 23)**<br><br>**COMPLAINT FOR DAMAGES:**<br>1.  FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION (*Welfare Commission Orders and Labor Code §§500, et seq., and 1194);*<br>2.  FAILURE TO PROVIDE AN "ACCURATE" ITEMIZED WAGE STATEMENT UPON PAYMENT OF WAGES (*Labor Code § 226*);<br>3.  FAILURE TO PAY COMPENSATION AT THE TIME OF TERMINATION (*Labor Code §§201-203*);<br>4.  FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT<br>5.  VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200<br>6.  PENALTIES PURSUANT TO PAGA UNDER (*Labor Code §§2698, et seq.*)<br>**DEMAND FOR JURY TRIAL** |

**Complaint**
Case No. _____

1

**Co-Counsel for Plaintiff and Proposed Class**

2

**UNITED EMPLOYEES LAW GROUP, PC**
Walter Haines, Esq. (SBN 71075)
110 Pine Avenue, Suite 725
Long Beach, California   90802
Telephone:   (888) 474-7242
Facsimile:   (866) 435-7471
whaines@uelglaw.com

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Complaint**
Case No. _____

Plaintiff Misty Herrick ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     Pursuant Fed.R.Civ.P. Rule 23 and California *Bus. & Prof. Code* § 17200, *et. seq.*, Plaintiff has filed this action seeking class action treatment, to recover unpaid wages, penalties, and restitution from Defendants for their violations of, *inter alia*, California *Labor Code* §§ 500, 1194, 221-223, 226.7, 512, 227.3, 226, 201-203, 2698, *et seq.*; Cal. *Bus. & Prof. Code* § 17200, *et seq.*; the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereafter, the "IWC Wage Orders"); the Fair Labor Standards Act; and related common law principles.

2.     This proposed Class Action lawsuit challenges the defendant Wells Fargo Bank N.A. ("Defendant") failure to compensate its "Telephone Banker" employees for all time worked.  Defendant employs workers to staff telephone lines in numerous geographically dispersed call centers, including a call center located in El Monte, California.   Defendant requires these employees to log into and out of computer systems and applications and perform other work activities "off-the-clock" and without pay before and after their paid shifts.  All such activities were performed for the primary benefit of Defendant, and thus, Defendant received unpaid labor from its employees.  Plaintiff seeks recovery under, *inter alia*, the California Labor Code and the Fair Labor Standards Act ("FLSA").

3.     The Acts complained of herein have occurred, are presently occurring, and are expected to continue occurring, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter (hereinafter, the "Relevant Time Period").

/ / /

1

**Complaint**
Case No. _____

## JURISDICTION

4.     This Court has subject matter jurisdiction over this class action under 28 U.S.C. §§1331 and 1367(a).  Specifically, this action presents claims under the Federal Labor Standards Act (hereafter "FLSA") and accompanying state law claims under the California Labor Code, which form part of the same case or controversy under Article III, section 2 of the U.S. Constitution.

5.     This Court also has original jurisdiction of this action under the Class Action Fairness Act of 2005.  The amount-in-controversy exceeds the sum of $5,000,000 exclusive of interest and costs, and there is minimal diversity because certain members of the class are citizens of a different state than any defendant as required by 28 U.S.C. section 1332(d)(2).

## VENUE

6.     Venue is proper in this district pursuant to 28 U.S.C. §1391 because Defendants are (i) subject to personal jurisdiction in this District, and/or (ii) committed the wrongful conduct against certain members of the class in Los Angeles County, California.  At all relevant times, Defendant maintained offices and facilities in Los Angeles County, California, and committed the wrongful conduct against members of the class in Los Angeles County, California.

## THE PARTIES AND CONDUCT

**A.   Plaintiff and Class Members**

7.     Plaintiff started working for Defendant in or about November of 2006 as a non-exempt "Telephone Banker" at a Wells Fargo call center in El Monte, California and continuously worked for Wells Fargo in that capacity until July, 2010.

8.     The United States Supreme Court held that preparatory duties that are integral and indispensable to the principal work activity are compensable under the FLSA.  *See IBP, Inc. V. Alvarez*, 126 S. Ct. 514 (2005).

9.     While employed by Defendants, Plaintiff and similarly situated

2

**Complaint**
Case No. _____

1   employees engaged in preparatory activities and other related work activities that are
2   integral and indispensable for them to perform their job duties.  Specifically, Plaintiff
3   was forced to work additional time per day logging into and out of various computer
4   systems and applications.  Defendant does not pay its Telephone Bankers for this
5   work time; consequently, these employees work "off-the-clock" and without pay.

6       10.   Defendant does not accurately record all time worked by Telephone
7   Bankers and specifically does not include time these employees spent performing
8   integral and indispensable job duties including logging into and out of the computer
9   system and applications.  Defendant does not pay its Telephone Bankers to perform
10  these integral and indispensable tasks.

11      11.   Additionally, Plaintiff was not provided with accurate wage statements,
12  and was not paid all wages owed to her upon the termination of her employment.

13      12.   Class members are similarly situated persons employed by Defendants
14  as non-exempt employees at telephone banking centers who, during the applicable
15  limitations periods, were required to perform off-the-clock work, were not provided
16  with accurate wage statements, and/or were not paid all wages owed to them upon the
17  termination of their employment.

18      13.   The net effect of the policies and practices maintained and administered
19  by Defendant, it that it wilfully fails to pay overtime compensation to pay payroll
20  costs therefore Defendant enjoys ill-gained profits at the expense of its Telephone
21  Bankers.

22  **B.   Defendants**

23      14.   Defendant Wells Fargo, N.A. is a national association organized under
24  the laws of the United States which is incorporated in Sioux Falls, South Dakota.  At
25  all times relevant to this action, Plaintiff is informed and believes and thereon alleges
26  that Wells Fargo conducted business operations and employed Plaintiff and other
27  class members in the State of California and throughout the United States.

28

3

**Complaint**

Case No. _____

15.    Wells Fargo is one of the world's largest financial institutions, generating over $89 billion in revenues. See 2009 Wells Fargo Annual Report 28, available at https://www.wellsfargo.com/downloads/pdf/invest_relations/wf2009annualreport.pdf.

16.    At all relevant times, Wells Fargo has been , and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Wells Fargo has employed, and/or continues to employ, "employee[s]," including Plaintiff, including the putative Class Members. At all times relevant herein, Wells Fargo has had gross operating revenues in excess of the $500,000.00 threshold test for the "enterprise" requirement under the FLSA.

17.    At all relevant times, Wells Fargo has been, and continues to be, a "person" as that term is defined under the California Business & Professions Code § 17021, and the California Labor Code § 1-29.5.

18.    Defendant Wells Fargo conducted, and continues to conduct, substantial and regular business throughout California and also is an enterprise that affects commerce by engaging in nationwide banking in interstate commerce and by regularly and recurrently receiving or transmitting interstate communications.

C.    **Wells Fargo Call Centers**

19.    Wells Fargo employs thousands of telephone-dedicated call center employees in numerous call centers located nationwide ("Telephone Bankers").

20.    The principal job duty of a Wells Fargo Telephone Banker is to take calls from, or make calls to, new or existing Wells Fargo customers in order to provide customer service. The customer service provided by Wells Telephone Banker includes "resolving customer concerns, offering products that meet customers' ongoing financial needs, activating or updating accounts, assisting with billing inquiries, addressing billing, credit and collections issues, and selling or suggesting

4

**Complaint**
Case No. _____

1 Wells Fargo products and services, including mortgage loan products, credit cards

2 and/or borrower protection plans".  See job description available at

3 https://www.wellsfargo.com/careers/fit/opportunities/phonebanker.

4   21. Wells Fargo pays its Telephone Banker on an hourly basis, and

5 classifies them as non-exempt and entitled to receive overtime pay.

6   22. Telephone Bankers must log-on to their computers before they are able

7 to handle their first in-bound or out-bound telephone call of the day. These tasks

8 must also be performed at the end of the day. Telephone Bankers are not

9 compensated for this time, yet they cannot perform their job duties without

10 accomplishing these integral and indispensable tasks

11   23. Wells Fargo could easily and accurately record the actual time

12 Telephone Bankers spend working, including, for example, by placing a time clock

13 at the door of the call center.

14   24. Upon information and belief, Wells Fargo is adhering to the same policy

15 and practice with respect to Call Center Employees at all of its other call centers

16 nationwide

17 **D.** **Facts Regarding Wilfulness of Violation**

18   25. Because the operators of "call centers" have been recognized by the

19 government to routinely violate wage and hour laws, the United States Department

20 of Labor has issued guidance concerning the application of the FLSA to employees

21 working in "call centers." The Department of Labor has instructed: "Covered

22 employees must be paid for all hours worked in a workweek. In general, 'hours

23 worked' includes all time an employee must be on duty, or on the employer's

24 premises . . . from the beginning of the first principal activity of the workday to

25 the end of the last principal activity of the workday. Also included is any additional

26 time the employee is allowed (i.e., suffered or permitted) to work. An example of the

27 first principal activity of the day for agents/specialists/representatives working in call

28

**Complaint**

Case No. _____

centers includes starting the computer to download work instructions, computer applications, and work-related emails." See Fact Sheet #64: Call Centers under the Fair Labor Standards Act (FLSA), U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div. (Revised July 2008) (emphasis added).

26.     Wells Fargo knew or should have known about the DOL's directive to compensate call center employees for all pre- and post-shift time, and yet continued to violate the FLSA and related state labor laws.

27.     The net effect of Wells Fargo's policy and practice, instituted and approved by company managers, is that Wells Fargo willfully fails to pay overtime compensation and willfully fails to keep accurate time records, in order to save payroll costs. Wells Fargo enjoys millions of dollars in ill-gained profits at the expense of its hourly employees.

28.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 100, inclusive, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

## CLASS ACTION AND COLLECTIVE ACTION ALLEGATIONS

**A.     FLSA Collective Action**

29.     Plaintiff incorporates paragraphs 1 through 28 of this complaint as if fully alleged herein.  Plaintiff brings Count I, the FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of the following class of persons ("FLSA Class"):

> All current and former non-exempt employees of Wells Fargo who have
> worked in the United States at a Wells Fargo call center at any time

6

**Complaint**

Case No. _____

1   during the last three years, plus periods of applicable tolling.

2       30.    The FLSA claim may be pursued by those who opt-in to this case,

3   pursuant to 29 U.S.C. § 216(b) and who have previously filed consent to join forms

4   in any of the transferred actions.

5       31.    Plaintiff individually and on behalf of other similarly situated

6   employees, seek relief on a collective basis challenging, among other FLSA

7   violations, Wells Fargo's practice of failing to accurately record all hours worked,

8   failing to pay employees for all hours worked, including overtime compensation, and

9   failing to properly calculate and pay overtime compensation that was recorded. The

10   number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs

11   may be determined from Wells Fargo's records, and potential class members may

12   easily and quickly be notified of the pendency of this action.

13   **B.**    **Rule 23 Class Action**

14       32.    Plaintiff brings Counts II-VI as a class action pursuant to Rule 23(a) of

15   the Federal Rules of Civil Procedure on behalf of herself and the following Class and

16   Subclass(collectively the "Rule 23 Classes")

17       <u>**California Class:**</u>

18           **All non-exempt hourly employees who have been**

19           **employed or are currently employed by Defendants in**

20           **the position of "Telephone Banker" in the state of**

21           **California within the Relevant Time Period.   This**

22           **definition excludes persons who perform or performed**

23           **managerial duties.**

24       <u>**California Terminated Sub-Class:**</u>

25           **All non-exempt hourly California employees who held**

26           **the position of "Telephone Banker" and whose**

27           **employment with Defendants  terminated and did not**

28

7

Complaint

Case No. _____

**receive all of the wages due them at the time of termination, and/or who did not receive their final wages in a timely manner as mandated by California law. This definition excludes persons who perform or performed managerial duties.**

33.     Excluded from the Rule 23 Classes are Wells Fargo, any entity in which Wells Fargo has a controlling interest or which has a controlling interest in Wells Fargo, and Wells Fargo's legal representatives, assignees and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family

34.     The California state law claims, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out of the Rule 23 Classes.

**C.     State Law Class Action Allegations**

       **A.     Numerosity**: Class members are so numerous that joinder of all class members is impracticable. Plaintiff is informed and believes and thereon alleges that there are more than 100 members in each class described above.

       **B.     Commonality**: There are questions of law and fact common to class members. These questions include, but are not limited to:

             1)     Did Defendants have a policy or practice of requiring class members to perform off-the-clock work?

             2)     Did Defendants have a policy or practice of not providing class members with accurate itemized wage statements?

             3)     Did Defendants have a policy or practice of not paying class members all final wages owed upon termination of employment in accordance with California *Labor Code* §§201–202?

             4)     Did Defendants engage in unfair competition in violation

8

**Complaint**

Case No. _____

1   of California *Business & Professions Code* §17200 by engaging in the unlawful and

2   unfair practices alleged herein?

3         5)   Are class members entitled to recover restitution from Defendants

4   under California *Business & Professions Code* §17203?

5         6)   Are class members entitled to recover civil penalties for

6   Defendants' alleged violations of the California *Labor Code*?

7       **C.**   **Typicality**:  The claims of Plaintiff are typical of the claims of other

8   class members. Plaintiff has suffered the same or similar injuries as other class

9   members based on a course of conduct which is not unique to Plaintiff but which has

10   commonly affected other class members.

11       **D.**   **Adequacy of Representative**: Plaintiff will fairly and adequately protect

12   the interests of other class members. Plaintiff does not have any conflicts of interest

13   with other class members and Plaintiff will vigorously prosecute this action on behalf

14   of other class members. Plaintiff is represented by legal counsel with substantial class

15   action experience in civil litigation and employment law.

16       35.   This case is brought and may be maintained as a class action under

17   Rule 23(b)(3) of the Federal Rules of Civil Procedure. Questions of law or fact

18   common to class members predominate over any questions solely affecting individual

19   class members and a class action is superior to other available methods for fairly and

20   efficiently adjudicating this controversy. Class action treatment will allow a large

21   number of similarly situated class members to simultaneously and efficiently

22   prosecute their common claims in a single forum without the needless duplication of

23   effort and expense that numerous individual actions would entail.

24       36.   In addition, because the monetary amounts due to many individual class

25   members are likely to be relatively small, the burden and expense of individual

26   litigation would make it difficult, if not impossible, for individual class members to

27   seek and obtain relief. A class action will also serve the important public interest of

28

9

**Complaint**

Case No. _____

1   permitting class members harmed by Defendants' unlawful practices to effectively

2   pursue recovery of the sums owed to them.

3        37.    Plaintiff is not aware of any difficulties that are likely to be encountered

4   in the management of this action that would preclude its maintenance as a class

5   action.

6                                   **COUNT I**

7   **FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION**

8       **IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

9              **(Against Defendants and Does 1-100**

10           **On behalf of Plaintiff and FLSA Class)**

11        38.    Plaintiff hereby realleges, and incorporates by reference as though set

12   fully forth herein, the allegations contained in paragraphs 1 through 37.

13        39.    The Fair Labor Standards Act, 29 U.S.C. §201, et seq., states that an

14   employee must be compensated for all hours worked, including all straight time

15   compensation and overtime compensation.  29 C.F.R. §778.223 and 29 C.F.R.

16   §778.315.  This Court has concurrent jurisdiction over claims involving the Fair

17   Labor Standards Act pursuant to 29 U.S.C. §216.

18        40.    Plaintiff also brings this lawsuit as a collective action under the Fair

19   Labor Standards Act, 29 US.C. §201, *et seq.* (the 'FLSA"), on behalf of all

20   persons who were, are, or will be employed by Defendants in a non-exempt

21   "Telephone Banker" position during the period commencing three years prior to

22   the filing of this Complaint to and through a date of judgment, who performed

23   work in excess of forty (40) hours in one week and did not receive all

24   compensation as required by the FLSA for the hours worked. To the extent

25   equitable, tolling operates to toll claims by the against the collective employees

26   against the Defendants, the collective statute of limitations should be adjusted

27   accordingly.

28

Complaint

Case No. _____

41.   Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

    a.   Whether Defendants' policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;

    b.   Whether Defendants failed to adequately compensate collective employees for all hours worked as required by the FLSA, including the time spent logging into and out of computer systems;

    c.   Whether Defendants should be enjoined from continuing the practices which violate the FLSA; and,

    d.   Whether Defendants are liable to the collective employees.

42.   The Fourth Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

43.   Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendants' common and uniform policy and practice of failing to pay for all actual time worked and wages earned.  The number and identity of the other plaintiffs may be determined from the records of Defendant, and potential plaintiffs may be easily and quickly notified of the pendency of this action.

44.   Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

45.   29 U.S.C. §225 provides that a three-year statute of limitations applies to willful violations of the FLSA.  The conduct by the Defendants which violated the FLSA was willful.

11

**Complaint**

Case No. _____

46.    For purposes of the Fair Labor Standards Act, the employment practices of Defendants were and are uniform throughout California and the United States in all respects material to the claims asserted in this Complaint.

47.    Defendants violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

48.    As a result of Defendants' failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

49.    Plaintiff, therefore, demands that he and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which they were not compensated plus liquidated damages, interest and statutory costs as provided by law.

## COUNT II

### FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND *LABOR CODE* §§500, *et seq.*, and 1194

### (Against Defendants and Does 1-100 on behalf of

### Plaintiff and Proposed Members of the California Class)

50.    Plaintiff hereby realleges, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 49.

51.    Pursuant to Industrial Welfare Commission Order 4 and *Labor Code* §§200, 500, 510, 512, 1194, and 1198, Defendants were required to compensate Plaintiff and members of the Plaintiff Class for all hours worked, including overtime, which is calculated at one and one-half (1½ ) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive work day;

12

**Complaint**
Case No. _____

1    with double time after eight (8) hours on the seventh day of any workweek, or

2    after 12 hours in any work day.

3         52.    Plaintiff and members of the Plaintiff Class were, and are, non-

4    exempt employees entitled to the protections of Industrial Welfare Commission

5    Order 4 and *Labor Code* §§200, 500, 510, 512, 1194, and 1198.  During the course

6    of Plaintiff's employment, and during the course of the employment of the

7    members of the Plaintiff Class, Defendants failed to compensate Plaintiff and

8    members of the Plaintiff Class for all wages and overtime hours worked as

9    required under the California *Labor Code* and *Code of Regulations*.

10        53.    Under the aforementioned wage orders, statutes, and regulations,

11   Plaintiff and members of the Plaintiff Class are entitled to one and one-half (1½)

12   times and/or double their  regular rate of pay for overtime work performed during

13   the four (4) years preceding the filing of this Complaint, based on appropriate

14   calculations of the "total remuneration" for each workweek.

15        54.    In violation of state law, Defendants have knowingly and willfully

16   refused to perform their obligations to compensate Plaintiff and members of the

17   Plaintiff Class for all wages earned and all hours worked.  As a direct result,

18   Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer,

19   substantial losses related to the use and enjoyment of such wages, lost interest on

20   such wages, and expenses and attorney's fees in seeking to compel Defendants to

21   fully perform their obligations under state law, all to their respective damage in

22   amounts according to proof at time of trial, but in amounts in excess of the

23   minimum jurisdiction of this Court.

24        55.    Defendants committed the acts alleged herein knowingly and

25   willfully, with the wrongful and deliberate intention of injuring Plaintiff and

26   members of the Plaintiff Class, from improper motives amounting to malice, and

27   in conscious disregard of Plaintiff's rights and the rights of the Plaintiff Class.

28

---

13

**Complaint**
Case No. _____

1  Plaintiff and members of the Plaintiff Class are thus entitled to recover nominal,

2  actual, compensatory, punitive, and exemplary damages in amounts according to

3  proof a time of trial, but in amounts in excess of the minimum jurisdiction of this

4  Court.

5      56.    Defendants' conduct described herein violates Industrial Welfare

6  Commission Order 4 and *Labor Code* §§200, 500, 510, 512 and 1198.  Therefore,

7  pursuant to *Labor Code* §§1194, 1198, 218.6, and *Civil Code* §§3287 and 3289,

8  Plaintiff and members of the Plaintiff Class are entitled to recover the unpaid

9  balance of minimum wages and/or overtime compensation Defendants owe

10 Plaintiff and members of the Plaintiff Class, plus interest, penalties, attorney's

11 fees, expenses, and costs of suit.

12 **COUNT III**

13 **FAILURE TO PROVIDE AN "ACCURATE" ITEMIZED WAGE**

14 **STATEMENT UPON PAYMENT OF WAGES IN VIOLATION**

15 **OF *LABOR CODE* § 226**

16 **(Against Defendants and Does 1-100**

17 **On behalf of Plaintiff and Proposed Members of the California Sub-Class)**

18     57.    Plaintiff hereby realleges, and incorporates by reference as though set

19 fully forth herein, the allegations contained in paragraphs 1 through 56.

20     58.    *Labor Code* §226(a) sets forth reporting requirements for employers

21 when they pay wages, as follows: "Every employer shall ... at the time of each

22 payment of wages, furnish his or her employees ... an itemized statement in writing

23 showing (1) gross wages earned; (2) total hours worked by the employee...(3) the

24 number of piece-rate units earned and any applicable piece rate if the employee is

25 paid on a piece-rate basis...."  Section (e) provides: "An employee suffering injury

26 as a result of a knowing and intentional failure by an employer to comply with

27 subdivision (a) shall be entitled to recover the greater of all actual damages or fifty

28

**Complaint**
Case No. _____

1  dollars ($50) for the initial pay period in which a violation occurs and one hundred

2  dollars ($100) per employee for each violation in a subsequent pay period, not

3  exceeding an aggregate penalty of four thousand dollars ($4000), and shall be

4  entitled to an award of costs and reasonable attorney's fees."

5       59.    Defendants failed to accurately record the hours worked by Plaintiff

6  and members of the Plaintiff Class.

7       60.    Plaintiff and members of the Plaintiff Class request recovery of *Labor*

8  *Code* §226(e) penalties according to proof, as well as interest, attorney's fees and

9  costs pursuant to *Labor Code* §226(e), in a sum as provided by the *Labor Code*

10  and/or other statutes.

### COUNT IV

**FAILURE TO PAY COMPENSATION AT THE TIME OF**

**TERMINATION IN VIOLATION OF CALIFORNIA**

***LABOR CODE* §§201-203**

**(Against Defendants and Does 1-100 On Behalf of the California**

**Plaintiff and Proposed Members of the California Terminated Sub-Class)**

17       61.    Plaintiff hereby realleges, and incorporates by reference as though set

18  fully forth herein, the allegations contained in paragraphs 1 through 60.

19       62.    California *Labor Code* §201 requires an employer who discharges an

20  employee to pay compensation due and owing to said employee immediately upon

21  discharge.  California *Labor Code* §202 requires an employer to promptly pay

22  compensation due and owing to an employee within 72 hours of that employee's

23  termination of employment by resignation.  California *Labor Code* §203 provides

24  that if an employer willfully fails to pay compensation promptly upon discharge or

25  resignation in a prompt and timely manner as required pursuant to California

26  *Labor Code* §201 and §202 respectively, said employer is liable to said employee

27  for a waiting time wage continuation as described herein. Defendants' willful

28

15

**Complaint**

Case No. _____

1   failure to pay former employee Plaintiff and members of the Terminated Sub-Class

2   all of the wages due and owing them constitutes violations of *Labor Code* §§201

3   and 203, which provides that an employee's wages will continue as a waiting time

4   wage continuation up to thirty (30) days from the time the wages were due.

5   Therefore, Plaintiff and members of the Terminated Sub-Class are entitled to a

6   waiting time wage continuation pursuant to *Labor Code* §203.

7      63.   Plaintiff and members of the Terminated Sub-Class were previously

8   employed by Defendants and were terminated within the Relevant Time Period as

9   set forth above.  Defendants failed to pay all wages due to this sub-class at the

10  time of termination, and, in addition, failed to pay all wages due in a timely

11  manner as mandated by California *Labor Code* §§201-203.

12     64.   Plaintiff and members of the Terminated Sub-Class seek wages,

13  penalties, plus costs, interest, disbursements  and attorneys fees pursuant to

14  California law, including but not limited to *Labor Code* §§218.5, 218.6, and *Civil*

15  *Code* §§3287 and 3289.

16  ## COUNT V

17  ## VIOLATIONS OF CALIFORNIA

18  ### *BUSINESS AND PROFESSIONS CODE* §17200

19  ### (Against Defendants and Does 1-100

20  ### On behalf of Plaintiff and Proposed Members of the California Class)

21     65.   Plaintiff hereby realleges, and incorporates by reference as though set

22  fully herein, the allegations contained in paragraphs 1 through 64.

23     66.   By violating the statutes and regulations set forth in this Complaint,

24  and incorporated by reference hereto, and unfairly failing to pay Plaintiff and

25  members of the Plaintiff Class all wages (minimum wage and/or overtime) earned

26  and owing.  Defendants' acts constitute unfair and unlawful business practices

27  under *Business and Professions Code* §17200, *et. seq.*

28

16

Complaint

Case No. _____

67. Defendants' violations of California wage and hour laws and illegal payroll practices or payment policies constitute a business practice because it was done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiff and members of the Plaintiff Class.

68. For the four (4) years preceding the filing of this action, Plaintiff and members of the Plaintiff Class have suffered damages and request restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at the time of trial.

### COUNT VI

### CIVIL PENALTIES UNDER THE CALIFORNIA *LABOR CODE* PRIVATE ATTORNEYS GENERAL ACT

### (By Plaintiff and Proposed Members of the California Sub-Classes)

69. Plaintiff hereby realleges, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 68.

70. During the Relevant Time Period, Defendants violated California *Labor Code* §§201, 202, 203, 226, 510, 512 1198 and 1194.

71. California *Labor Code* §§2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in California *Labor Code* § 2699.3.

72. Pursuant to California *Labor Code* §§2699(a) and (f), Plaintiff and other members of the California Civil Penalties Class are entitled to recover civil penalties for Defendants' violations of California *Labor Code* §§201, 202, 203, 204, 226 510, 512 and 1194 during the applicable limitations period in the following amounts:

A. For violations of California Labor Code §§201, 202, 203 and 1194, one hundred dollars ($100.00) for each aggrieved employee per pay period

17

**Complaint**
Case No. _____

1  for each initial violation and two hundred dollars ($200.00) for each aggrieved

2  employee per pay period for each subsequent violation (penalty amounts

3  established by California Labor Code § 2699(f)(2));

4         B.      For violations of California *Labor Code* §226(a), two hundred

5  fifty ($250.00) per employee for initial violation and one thousand dollars

6  ($1,000.00) per employee for each subsequent violation (penalty amounts

7  established by California *Labor Code* § 226.3); and,

8         C.      For violations of California *Labor Code* §§510 and 512, fifty

9  dollars ($50.00) for each aggrieved employee for each initial violation for pay

10 period for which the employee was underpaid in addition to an amount sufficient

11 to recover unpaid wages and one hundred dollars ($100.00) for each underpaid

12 employee for each pay period for which the employee was underpaid in addition to

13 an amount sufficient to recover unpaid wages (penalty amounts established by

14 California *Labor Code* § 558).

15 73.    Plaintiff is currently in the process of complying with the procedures

16 for bringing suit specified in California *Labor Code* §2699.3.  By letter dated

17 February 24, 2011, Plaintiff gave written notice by certified mail to the Labor and

18 Workforce Development Agency ("LWDA") and Defendants of the specific

19 provisions of the Labor Code alleged to have been violated, including the facts

20 and theories to support the alleged violations.

21 74.    Pursuant to California *Labor Code* §2699(g), Plaintiff and the other

22 class members are entitled to an award of reasonable attorney's fees and costs in

23 connection with their claims for civil penalties.

## PRAYER FOR RELIEF

24 WHEREFORE, Plaintiff, on behalf of herself and all others similarly

25 situated, prays for relief and judgment against Defendants as follows:

27 1.     An order that the action be certified as a class action;

28

Complaint
Case No. _____

2.   An order that Plaintiff be appointed class representative;

3.   An order that counsel for Plaintiff be appointed class counsel;

4.   An order allowing notice to proceed with respect to Plaintiff's
Seventh Cause of Action to persons who are similarly situated to
Plaintiff;

5.   Damages;

6.   Restitution;

7.   Civil penalties;

8    Statutory penalties;

9.   Punitive Damages;

10.  Pre-judgment interest;

11.  Costs of suit;

12.  Reasonable attorney's fees; and

13.  Such other relief as the Court deems just and proper.

DATED:  February 24, 2011     **MARLIN & SALTZMAN, LLP**
**UNITED EMPLOYEES LAW GROUP, PC**

By: _____
Kiley L. Grombacher, Esq.
of Marlin & Saltzman
Attorneys for Plaintiff and Proposed Class

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of herself and all others similarly situated demands a trial
by jury for herself and all other class members the class on all claims so triable.

DATED:  February 24, 2011     **MARLIN & SALTZMAN, LLP**
**UNITED EMPLOYEES LAW GROUP, PC**

By: _____
Kiley L. Grombacher, Esq.
of Marlin & Saltzman
Attorneys for Plaintiff and Proposed Class

19

**Complaint**
Case No. _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV11- 1646 GAF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [_] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Stanley D. Saltzman, Esq. (SBN 90058)
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
MARLIN & SALTZMAN, LLP, 29229 Canwood St.,
#208, Agoura Hills, CA 91391 (818) 991-8080

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MISTY HERRICK and all others similarly situated | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV11-01646** GAF(Ex) |
| v. | |
| WELLS FARGO BANK, N.A., a South Dakota corporation; and DOES 1 to ~~100,~~ inclusive | **SUMMONS** |
| 10 | |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): WELLS FARGO BANK, N.A., and DOES 1 to 100, inclusive

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Kiley L. Grombacher, Esq. _____, whose address is Marlin & Saltzman, 29229 Canwood Street, Suite 208, Agoura Hills, CA, 91301 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

FEB 2 4 2011

Clerk, U.S. District Court
**JULIE PRADO**

Dated: _____

By: _____
Deputy Clerk

*(Seal of the Court)*

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MISTY HERRICK and all others similarly situated | WELLS FARGO BANK, N.A., a South Dakota corporation; and DOES 1 through 100, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Stanley D. Saltzman (SBN 90058), Marcus J. Bradley (SBN 174156); Kiley L. Grombacher (SBN 245960); MARLIN & SALTZMAN, LLP, 29229 Canwood Street, Suite 208, Agoura Hills, CA, 91301 (818) 991-8080 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No        ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Labor Code Secs. 201-203, 226, 500, et seq., 1194, 2698, et seq.; Bus. and Prof. Code Sec. 17200

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

### CV11-01646

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.   Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.   Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.   For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.   Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date February 24, 2011

   **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |